IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| JAMES McALPHIN, <br> ADC #88328, <br><br> Plaintiff, <br> v. <br><br> BRENDA WADE, Director, Arkansas <br> Claims Commission; *et al*. <br><br> Defendants. | * <br> * <br> * <br> * <br> *  No. 4:17cv00343-SWW-JJV <br> * <br> * <br> * <br> * <br> * |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

**I.    INTRODUCTION**

James McAlphin ("Plaintiff"), currently incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction, brings this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges Defendants, the Arkansas Claims Commission ("ACC") and its Director, violated Arkansas law and his due process rights in denying a claim Plaintiff brought before the ACC. (*Id*. at 3-12.) Specifically, Plaintiff alleges Defendants failed to give him a fair and impartial hearing, failed to allow him to call and cross-examine witnesses, failed to have a public hearing as required by law, and failed to decide his claim based on a preponderance of the evidence. (*Id*.) Plaintiff's claims for compensatory and punitive damages were dismissed; Plaintiff was allowed to proceed on his claim for equitable relief, a fair and impartial hearing. (Doc. Nos. 16, 19.)

On March 9, 2018, Defendants filed a Motion for Summary Judgment. (Doc. Nos. 28, 29, 30.) Plaintiff has responded. (Doc. Nos. 32, 33.) Defendants did not file a reply, and the time for doing so has passed.

After carefully reviewing the pleadings, for the reasons set out below, I recommend that summary judgment should be entered in Defendants' favor.

## II.   STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material

will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III.  UNDISPUTED FACTS

Plaintiff is incarcerated in the Arkansas Department of Correction.  (Doc. Nos. 30, 33.) He filed two claims with the ACC, claim numbers 15-0022-CC and 15-0033-CC. (*Id.*) The ACC originally heard the claims on March 13, 2015. (*Id.*) Plaintiff filed this lawsuit on May 22, 2017, alleging that his due process rights had been violated in connection with the March 13, 2015, hearing. (*Id.*) Plaintiff's claims for punitive and compensatory damages were dismissed, but he was allowed to proceed on his claim for equitable relief. (*Id.*) On February 15, 2018, the Arkansas Claims Commission held a new hearing on Plaintiff's two claims. (*Id.*)

### IV.  DISCUSSION

Defendants argue that because the ACC provided Plaintiff a new hearing on February 15, 2018 (the "February 15 hearing"), there is no live controversy in this action, and that, accordingly, Plaintiff's case is moot. (Doc. No. 29.)  They seek summary judgment on this ground. (*Id.*) In support of their Motion, Defendants submitted an audio-recording of the February 15 hearing; Plaintiff verified the recording. (Doc. No. 30, Exhibits 1-2.)

Article III of the United States Constitution "limits the jurisdiction of federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005). "A case becomes moot – and therefore no longer a "Case" or "Controversy" for the purposes of Article III – 'when the issues presented are no longer 'live' . . . ." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 726 (2013) (internal citations omitted). "[A]n actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Kingdomware Technologies, Inc.*, v. U.S., 136 S. Ct. 1969, 1975 (2016) (internal citation omitted).

Plaintiff sought a new hearing, but contests that the February 15 hearing rendered his case moot. (Doc. Nos. 32, 33.) He asserts that the February 15 hearing was a "sham" because: (A) witness Luke Spencer was not allowed to testify at the hearing due to hearsay, (B) Defendants did not address the alleged due process violations, and (C) the Commission lacked jurisdiction to hear his already-denied claim. (Doc. No. 32.) Further, Plaintiff clarifies that a new hearing was not the equitable relief he sought. (*Id*.) Rather, Plaintiff sought a reversal of the denial of his claims, in addition to a fair and impartial hearing. (*Id*.)

### A.     Right to Call Witnesses

Plaintiff argues that the February 15 hearing was a sham because Luke Spencer was not allowed to testify. During the hearing, Plaintiff was asked if he was going to call witnesses; he responded that he was not. (Doc. No. 30, Exhibit A to Exhibit 1.) He then objected to Luke Spencer not being allowed to testify, explaining that Spencer heard comments made by Officer Randall to Plaintiff.

In response to Defendants' Motion for Summary Judgment, however, Plaintiff complains that his other witnesses were not called. (Doc. No. 33.) Plaintiff does not indicate he was denied the chance to call his other witnesses; he maintains only that the other witnesses he identified were not called. (*Id*.) Again, at the hearing, Plaintiff declined the opportunity to call witnesses, and Plaintiff's summary judgment pleadings indicate that Spencer's testimony was not allowed as hearsay. (Doc. No. 32, at 2.) I note the ACC has in place a rule that governs the admissibility of evidence generally, and the ACC specifically reserves the right to limit the number of witnesses whose testimony may be repetitious and cumulative. *See* Ark. Code Ann. § 19-10-210; ACC Rule of Proc. 4.5 (governing admissibility of evidence); ACC Rule of Proc. 4.6 (reserving right to limit number of witnesses).

5

Further, Plaintiff explains that Sgt. H. Williams was called as a witness by ACC, but his other witnesses were not. (Doc. No. 33, at 3.) Plaintiff's apparent assertion that his rights were violated because the ACC and opposing party did not call his witnesses misses the mark. Plaintiff turned down his chance to call his other witnesses.

### B. Failure to Address Alleged Due Process Violations at the February 15 Hearing

Plaintiff asserts the February 15 hearing was deficient because Defendants did not address his due process claims. The Arkansas Claims Commission, however, has "jurisdiction only over those claims that are barred by the doctrine of sovereign immunity from being litigated in a court of general jurisdiction." Ark. Code Ann. § 19-10-204(b)(2)(A). State officials acting in their official capacities are considered "persons" for the purposes of § 1983 when sued for equitable relief, and the Eleventh Amendment does not bar such relief. *See Trelevan v. University of Minn.*, 73 F.3d 816, 819 (8th Cir. 1996). Because Plaintiff's claims for equitable relief are not barred by sovereign immunity, the Claims Commission had no jurisdiction over his violation of due process claims.

### C. Commission's Jurisdiction to Re-Hear His Denied Claim

Plaintiff's contention that the ACC lacked jurisdiction to re-hear his claim is without merit. Nothing in Arkansas Code Annotated § 19-10-204, which governs the jurisdiction of the ACC, divests the ACC of jurisdiction in connection with a re-hearing.

Having reviewed the pleadings and the audio recording of the February 15 hearing in its entirety, I believe there are no material facts in dispute that would preclude summary judgment in Defendants' favor. Plaintiff received the rehearing he sought. Plaintiff understood what was happening in the proceedings. (Doc. No. 30, Exhibit A to Exhibit 1.) He responded to questions in a clear and intelligent manner, and appeared well-prepared. (*Id.*) Beyond objecting to Luke

Spencer not being allowed to testify, Plaintiff declined the opportunity to present witnesses. (*Id.*) He was given the opportunity to cross-examine witnesses, which he did at length. (*Id.*)

With respect to Plaintiff's assertion that he also sought a reversal of the denial of his claims, his claims were considered anew at the February 15 hearing; the ACC took his claims under advisement at the conclusion of the hearing.

Based on the above, I find that Defendants are entitled to summary judgment on Plaintiff's claim for equitable relief, the only remaining claim in this case. There is no remaining live controversy here, and, accordingly, this Court lacks jurisdiction.

## V. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 28) be GRANTED;

2. Plaintiff's case be DISMISSED with prejudice; and

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 2nd day of April, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE